UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUDORKI RAMIREZ OUTERINO<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE ICE PROCESSING CENTER<br>Respondent. | No. 1:26-CV-05326-DJC-JDP<br><br><u>ORDER</u> |

Petitioner Yudorki Ramirez Outerino is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) The Court directed Respondents to show cause as to why the Court should not grant by filing a return as provided in 8 U.S.C. § 2243, and Respondents submitted an Answer. (Order (ECF. No. 4); Opp'n (ECF No.5).).

Petitioner, a noncitizen originally from Cuba, has been in the custody of Immigration and Customs Enforcement ("ICE") since March 6, 2026. (Opp'n at 1–2; Pet. ¶11.) On July 7, 2014, an Immigration Judge issued a removal order and he waived appeal. (*Id.* at 2.) Petitioner states that "[f]ollowing entry of the final order of removal, Petitioner remained in the custody of Immigration and Customs Enforcement during the statutory removal period," that he was released under an Order of

Supervision, and that he "complied with the conditions of his Order of Supervision for many years while residing in Florida." (Pet. at ¶¶ 8–10.) Respondents counter that Petitioner's "conviction record shows anything but compliance." (Opp'n at 2.)

The load-bearing fact here is not compliance or lack thereof, but that Petitioner was previously detained and released while subject to a final removal order, which the parties at present do not contest. Where a noncitizen subject to a final order of removal has been released based on the non-foreseeability of removal, revocation of that release is governed not by the *Zadvydas* burden shifting framework, but by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the

> prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

As Respondents addressed the incorrect provision, Respondents are HEREBY ORDERED TO SHOW CAUSE on or before August 10, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13.[1]

IT IS SO ORDERED.

Dated: **August 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Outerino05326.order

[1] As this Court has explained, while Petitioner's refusal to consent to removal could be relevant to the analysis, it is not, on its own, determinative of whether re-detention is permissible or sufficient to establish a reasonable likelihood of removal. *Llopiz Estrada v. Warden,* No. 1:26-CV-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026).