UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUDORKI RAMIREZ OUTERINO<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE ICE PROCESSING CENTER<br>Respondent. | No. 1:26-CV-05326-DJC-JDP<br><br>RELEASE ORDER<br><br>A# 097-667-180 |

Petitioner Yudorki Ramirez Outerino is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition and orders release.

**BACKGROUND**

Petitioner, a noncitizen originally from Cuba, has been in the custody of Immigration and Customs Enforcement ("ICE") since March 6, 2026. (Opp'n at 1–2; Pet. ¶11.) On July 7, 2014, an Immigration Judge issued a removal order and he waived appeal. (*Id.* at 2.) Petitioner states that "[f]ollowing entry of the final order of removal [in 2014], Petitioner remained in the custody of Immigration and Customs Enforcement during the statutory removal period," that he was released under an

Order of Supervision, and that he "complied with the conditions of his Order of Supervision for many years while residing in Florida." (Pet. at ¶¶ 8–10.) Respondents counter that Petitioner's "conviction record shows anything but compliance." (Opp'n at 2.)

After the Government responded to Petitioner's pro se petition for Writ of Habeas Corpus, the Court ordered Respondents to show cause as to why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13. (Opp'n; Order (ECF No. 6).) The Government responded to this Order but did not attempt to show a change of circumstance under 8 C.F.R. § 241.13 ; or explain why 8 C.F.R. § 241.13 does not apply given Petitioner's currently uncontested assertion that he was released on an Order of Supervision in 2014. (Resp. (ECF No. 7).) The briefing on this matter is now complete.

**DISCUSSION**

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention. It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.

The parties do not contest that Petitioner was previously released from custody after he was already subject to a removal order. Where a noncitizen subject to a final order of removal has been released based on the non-foreseeability of removal, revocation of that release is governed not by the *Zadvydas* burden shifting framework, but by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service

determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Respondents state that " [o]n July 4, 2026, DHS provided Petitioner a Warning for Failure to Depart and "instructions on his assistance in removal," both of which he refused to sign. (Resp. at 1.) Respondents argue that Petitioner's removal to Mexico is reasonably foreseeable because "the government has notified Petitioner of its intent to remove him to a third country, Mexico" and "Petitioner has not indicated to immigration authorities that he has any fear of removal to Mexico." (*Id.* at 2.)

As this has Court explained in similar cases, "while Petitioner's refusal to consent to removal could be relevant to the analysis, it is not, on its own, determinative of whether re-detention is permissible." *Llopiz Estrada v. Warden*, No.

1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026). Respondents did not explain how the Government could effectuate removal to Mexico given Petitioner's refusal to cooperate, as removals to Mexico under the standing agreement appear to be contingent on the Cuban national's consent.[1] Therefore, they have not met their burden to show changed circumstances pursuant to 8 C.F.R. § 241.13.

Respondents also take the position that "if Petitioner refuses to cooperate with removal to Mexico without claiming a fear of removal to Mexico, 8 U.S.C. § 1231(a)(1)(C) authorizes the continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials." (Resp. at 2–3.) This Court acknowledges that continued detention based on a Petitioner's refusal to reasonably cooperate could in some cases justify further detention; for example, if a noncitizen withholds the necessary identification, or, as the Ninth Circuit noted in *Lema v. I.N.S.*, "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government." 341 F.3d 853, 856 (9th Cir. 2003); 8 U.S.C. § 1231(a)(1)(C) ("the alien may remain in detention . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal"). But the Government cannot use indefinite detention to manufacture

---

[1] Courts have noted that that the standing agreement between the United States and Mexico appears premised on Petitioner's compliance and have therefore held removal based on the standing agreement between the United States and Mexico is not reasonably foreseeable when the noncitizen does not consent to the removal. *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026) (noting that the "that standing agreement between the United States and Mexico appears to be contingent upon the non-citizens consent to be removed to Mexico" and holding that the Government "failed to indicate what steps" it "has take to effectuate Petitioner's removal" given "petitioner's refusal to sign the notice"); *Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (noting that Petitioner's refusal to willingly be removed to Mexico "cast further doubt" on the "Government's ability to remove" the Petitioner "in the reasonably foreseeable future") (internal citation omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-cv-00170-TMC, 2026 WL 445562, at *3 (W.D. Wash. Feb. 17, 2026) (holding Petitioner's detention was indefinite based on Petitioner's "supported" "contention" that "the Mexican government only accepts individuals who *consent* to removal" and the fact that Petitioner "refused to be removed to Mexico and has declined to sign the Notice of Removal") (internal citation omitted).

noncitizens' consent to removal to a third country. To adopt the Government's position on the use of detention to strong-arm third-country removal to Mexico would not only undermine the consent requirement of removals under the present standing agreement but also sanction the use of detention to coerce otherwise unavailable removals.

While the Court has substantial concerns about Petitioner's criminal history, Respondents offer no further argumentation or evidence to show that a change of circumstance has occurred making removal foreseeable. Since the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2), that his detention is unlawful, and that release is warranted.[2]

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Respondents are ordered to immediately release Yudorki Ramirez Outerino from custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents shall provide a status report within five (5) days confirming Petitioner's release.
4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
5. The Clerk is directed to serve Mesa Verde ICE Processing Center in Bakersfield, CA with a copy of this Order.

---

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Outerino05326.merits